## ANTONIO ACHA CAMACHO, ET AL., Plff.,

### v.

## INTERNATIONAL EXPRESS & FOUNDRY COMPANY, Dft.

---

San Juan, Bankruptcy, No. 262.

### Workmen's Relief.

Taxes—Reduced to Proper Assessment.

1. Where a person voluntarily inflates the value of his property and returns it for assessment at an amount far exceeding its actual value, and later becomes a bankrupt, it is proper for the court to allow as a preferred claim taxes to an amount which the property would justify at a proper value.

Workmen's Relief Commission—Premiums Preferred.

2. The circuit court of appeals for the first circuit having decided that the legislature of Porto Rico did have power to create the Workmen's Relief Commission, it becomes the duty of this court to allow in bankruptcy proceedings as a preferred claim such sum as may be lawfully claimed by such commission for premiums.

Opinion filed May 24, 1922.

---

*Messrs. O. B. Frazer* and *Salvador Suau* for petitioning creditors.

Camacho v. International Express & Foundry Co.

ODLIN, Judge, delivered the following opinion:

The treasurer of Porto Rico has filed in this proceeding a claim amounting to $2,414.90 as taxes due to the people of Porto Rico for the fiscal year 1920–1921, and asks that same be allowed as a preferred claim.

The referee in bankruptcy, after hearing the evidence submitted to him, found that all the property of the corporation which is now bankrupt was not worth over $15,300 at the time of the assessment of the taxes above referred to. It also appears that the property of the bankrupt corporation was sold at public auction for the said sum of $15,300. The referee in bankruptcy also finds that the assessment of the property at a valuation of $120,620 was grossly exaggerated, and that it was unjust and inequitable, being based largely upon good will which was an imaginary asset and not an asset of real value. The referee in bankruptcy therefore finds that the claim of the people of Porto Rico for taxes should be reduced to the sum of $566.58, divided as follows: $266.22 for taxes upon the property itself of the bankrupt corporation, and the sum of $300.36 for premiums due to the Workmen's Relief Commission.

As to the amount claimed by the treasurer of Porto Rico, the referee decided that the same should be denied.

To these findings of the referee there have been exceptions filed by the attorney general of Porto Rico, and also by counsel for the trustee. The attorney general of Porto Rico insists that the entire amount claimed by the treasurer of Porto Rico should be allowed as a preferred claim; and counsel for the trustee asks that the sum of $300.36 as premiums due the Workmen's Relief Commission should be disallowed and that the amount

of the preferred claim due to the people of Porto Rico should be reduced to the sum of $266.22.

This court upon beginning its study of this case was of the view that creditors of a bankrupt corporation could have no greater rights than the corporation itself would have had in case it had remained solvent. To express the matter in another way —the writer of this opinion was inclined to think that if a corporation or an individual, by his own acts, created an estoppel, binding himself, there being no fraud upon the part of the person benefited by such act, such estoppel would operate as against the creditors of such person in case the latter should become a bankrupt. But an examination of the authorities shows that the provision of the bankruptcy law making taxes a preferred claim applies only to such taxes as are justly and lawfully assessed and payable; and in consideration of this clause of the bankruptcy law, it has been held that where a person voluntarily inflates the value of his own property and returns it for assessment at an amount far exceeding its actual value, which is sometimes done by parties seeking to bolster up a weakening credit, the bona fide ordinary creditors of this person, later becoming a bankrupt, may not be held to suffer losses by the payment of grossly excessive taxes, which the taxing power would never have assessed, if the person taxed had been solvent, as against his own ordinary creditors.

In the present case, it is perfectly clear that if this International Express & Foundry Company had remained perfectly solvent, the entire claim of the people of Porto Rico for taxes might be enforceable even though the assessment of over $120,-000 was seven or eight times the actual value of the property taxed. It does not follow, however, that the people of Porto Rico

Camacho v. International Express & Foundry Co.

must receive this excessive amount, now that the affairs of the International Express & Foundry Company are being made subject to the bankruptcy law of the Congress of the United States.

It is considered by counsel for the trustee that the sum of $266.22 for property taxes is proper and just as a preferred claim, but he is insistent that the amount of $300.36 allowed by the referee for premiums due to the Workmen's Relief Commission should be disallowed by me. This is not the time or place for any arguments that the Workmen's Relief Commission is an institution, the abolishment of which would be of great benefit, both to the employing class and to the employer class in this Island of Porto Rico. It has been urged, and this court is strongly inclined to think correctly urged, that the operations of the Workmen's Relief Commission, under the existing rules and regulations in force in this Island, is a positive injury to the very persons whom it is designed to benefit. It seems clear to me that a very large proportion of the funds received by the Workmen's Relief Commission are used in the support of a multitude of government officials and that if employers of labor were allowed the option of using solvent and reputable insurance companies, the expenses of the employing classes would be very much reduced and a much more important result would follow in that the employed class, suffering injuries, would receive their compensation much more quickly than under the present system. This court realizes, however, that this is purely a matter of legislative control. This court has no right or power to interfere with any law passed by the legislature, if the latter possess the power to enact such law. The validity of the Workmen's Relief Commission Law, having

been upheld by the circuit court of appeals, at Boston, there is nothing left for this court to do but to respect and follow that decision. For this reason alone the disputed claim of $300.36 is allowed as a preferred claim.

It is, therefore, ordered that the report of the Referee in Bankruptcy, dated September 13, 1921, is hereby approved and confirmed in all respects.

Done and Ordered, this 24th day of May, 1922, at San Juan, Porto Rico.